IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE RENEWED APPLICATION | : | |
| PURSUANT TO 28 U.S.C. § 1782 | : | |
| FOR DISCOVERY FROM | : | 18-mc-258-LPS |
| GLASSTECH INC., ET AL. | : | |

### **MEMORANDUM ORDER**

At Wilmington this **6th** day of **September 2019:**

Having reviewed the parties' most recent joint status report (D.I. 47), IT IS HEREBY ORDERED that the remaining disputes identified therein are resolved as follows:

(a) <u>Section II</u>: Ms. Freund may petition the Court in the future for additional documents or information, but such petition will be denied unless she can establish, by clear and convincing evidence, that (A) a need for additional information has been triggered because (B)(i) new issues or circumstances have arisen or (ii) new information has been discovered. These provisions balance Glasstech's interests in finality and the Court's interests in not having to expend unnecessary additional resources on the parties' disputes with Ms. Freund's interest in obtaining additional documents in the event that something unforeseen occurs. Glasstech may object to and oppose any such requests for documents or information.

(b) <u>Section III</u>: Mr. Freund shall have access to and may receive the final Valuation figure or range provided by the Firm and any documents Glasstech produces to Ms. Freund. The Court is not persuaded by Ms. Freund's objections to Mr. Freund receiving such information. The point of the Valuation – and this now-lengthy litigation – has been to determine the value of certain property of Mr. Freund's and of the marital estate generally, and Mr. Freund should be permitted access to evidence that may be used against him. The Court will not require Mr.

1

Freund to bear any of the costs of the Valuation. He was willing to proceed on the basis of the already-completed Houlihan Lokey valuation, which would have led to no party incurring any additional costs. It was Ms. Freund's decision to seek the new Valuation.

Mr. Freund's right to access the final Valuation figure or range provided by the Firm and any documents Glasstech produces to Ms. Freund, and Mr. Freund's right to seek additional information from Glasstech, are limited to the same extent as Ms. Freund's rights in these regards. Glasstech may object to and oppose any such requests for documents or information. Mr. Freund may retain counsel in addition to U.S. counsel who had entered an appearance by June 27, 2019, all of whom will be required to comply with all of the limitations of this Order and any other Order of the Court.

(c) Section IV.B: the production of any documents or information directly to Ms. Freund is conditioned on the entry of a protective order in the Rabbinical Court. Without such an order, this Court may lack the ability to meaningfully sanction Ms. Freund even if her future conduct were to warrant it. Mr. Freund has sought a protective order since the beginning of this case and Ms. Freund has previously seemed agreeable to it. In the event Mr. Freund does not cooperate with submission of a reasonable proposed order, or if the Rabbinical Court chooses to not enter a protective order (which is its decision to make), Ms. Freund may seek further relief in this Court.

(d) Footnote 2: the Firm will be retained jointly by Ms. Freund and Glasstech. Glasstech needs to be a party to the agreement so that it can directly enforce its contractual benefits, including its confidentiality obligations. The Court is not persuaded by Ms. Freund's suspicions that Glasstech will improperly attempt to influence the Firm.

(e) Footnote 3: Ms. Freund will be provided a single pre-engagement opportunity "to

have a conversation with the Firm about the purpose of the Valuation, the parties (and related parties) involved, and the importance of the Firm performing its own independent Valuation." Such discussion may prove helpful in providing context to the Firm. Glasstech's alternate proposal that a joint written statement be provided to the Firm is less likely to be productive given the near-certainty of disputes arising in the drafting of such a document, requiring additional judicial involvement and consequent delay.

(f) <u>Footnote 5</u>: one of Mr. Engel's partners may file a motion for *pro hac vice* admission in this case. Such attorney will be subject to the same restrictions set forth in the Proposal and any Orders of the Court, including the instant Order. It is reasonable and appropriate for Ms. Freund to have the assistance of an attorney who has more familiarity with the financial documents that will be produced in this case. Given the restrictions on such attorney, this accommodation to Ms. Freund's interests does not significantly increase the risk to Glasstech or any other party.

(g) <u>Footnote 7</u>: the applicable law is limited to U.S. law. If Ms. Freund is somehow obligated to produce information under Israeli law (other than by the Rabbinical Court for which an exception has already been made), she may petition this Court with respect to such obligation.

Having reviewed the letters relating to disputes between Ms. Freund and Balfour Green regarding the terms of a protective order (*see* D.I. 50-52), **IT IS HEREBY ORDERED** that the Court will enter Balfour Green's proposed version of the protective order (*see* D.I. 50-1). On the whole, Balfour Green's proposal is more reasonable than Ms. Freund's proposal. It is appropriate under the circumstances here that all non-public documents produced be maintained as confidential and used solely for the purpose identified in Ms. Freund's Application. *See* 28

U.S.C. § 1782(a) (providing district courts authority to order persons residing in their districts "to produce a document or other thing for use in a proceeding in a foreign or international tribunal").

**IT IS FURTHER ORDERED** that all agreed-upon portions of the Proposal set out in the joint status report are **ADOPTED** and shall govern going forward until further Order of the Court. The parties shall, no later than **September 13**, submit any additional Order they request the Court to enter to implement the various agreements reached and rulings entered by the Court throughout this case.

As this Order has been issued under seal, the parties shall meet and confer and, no later than **September 9**, submit a proposed redacted version of it. Thereafter, the Court will issue a public version of its Order.

                                                                                     _____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT