IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE APPLICATION PURSUANT TO
28 U.S.C. § 1782 FOR DISCOVERY
FROM GLASSTECH INC., BALFOUR
GREEN FRIENDS & FAMILY LLC,
BALFOUR REALTY INVESTORS LLC,
BALFOUR INVESTORS LLC, AND
BALFOUR GREEN, LLC

Misc. No. 18-258-LPS

Kurt M. Heyman, HEYMAN ENERIO GATTUSO & HIRZEL LLP, Wilmington, DE

Elchanan Engel, Isaac M. Neuberger, NEUBERGER, QUINN, GIELEN, RUBIN & GIBBER, P.A., Baltimore, MD

    Attorneys for Petitioner Sarah D. Freund


John Patrick DiTomo, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, DE

    Attorney for Michael B. Freund


Steven J. Fineman, RICHARDS, LAYTON & FINGER, PA, Wilmington, DE

    Attorney for Respondent Glasstech Inc.

**MEMORANDUM OPINION**

May 14, 2020
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

This lengthy litigation involves a discovery request related to foreign divorce proceedings. The initial request was filed on August 27, 2018 by Sarah Freund ("Ms. Freund") pursuant to 28 U.S.C. § 1782, seeking discovery in aid of an Israeli divorce proceeding. In Israel, Sarah and Michael Freund ("Mr. Freund") seek partition of their marital estate before the Israeli Rabbinical Court based in Netanya (the "Israeli Court"). As part of that process, the Freunds have raised issues relating to the value of shares held by Mr. Freund in Glasstech Inc., a Delaware corporation. This litigation principally concerns disagreements between Glasstech and Ms. Freund on how to balance Ms. Freund's request for a valuation with Glasstech's interest in protecting its confidential and proprietary information.

Eventually, the parties proposed – and the Court agreed – that the best approach to obtaining a valuation was for an independent, "Big Four" accounting firm to undertake an analysis. Any contract executed by the firm to be retained would contain specific provisions intended to preserve Glasstech's confidentiality while providing Ms. Freund access to the ultimate valuation. As part of this agreement, a protective order would be entered by both the Israeli Court and this Court (the "Dual Protective Orders"). However, no Big Four firms expressed interest in accepting this assignment. Consequently, on November 25, 2019, the Court ordered Glasstech to propose a list of alternative firms, from which Ms. Freund would select one.

The parties' subsequent efforts ultimately focused on one firm, Baker Tilly US. Disagreements between Ms. Freund and Glasstech regarding the potential retention of Baker Tilly US, however, have prompted yet another request for judicial assistance. In this latest iteration, Glasstech proposes that it either be excused from any further obligations with respect to a valuation

1

or, alternatively, be permitted to propose a firm other than Baker Tilly, notwithstanding its earlier apparent agreement to the retention of Baker Tilly. Glasstech also seeks to recover its fees and costs. Meanwhile, Ms. Freund proposes that the Court order Glasstech to execute the Baker Tilly US agreement, including a "standard" limitation of liability provision (which would cap the potential liability of Baker Tilly US at the amount of accounting fees it is paid).

For the reasons stated below, the Court will deny Glasstech's requests and grant Ms. Freund's requests.

## II. BACKGROUND

Although the selection of Baker Tilly US was negotiated and agreed to by both parties, Glasstech now contends that events occurring in the Rabbinical Court, formerly unknown by Glasstech, should excuse its obligation to submit to a valuation process. Glasstech points to two orders issued in Israel. First is a June 30, 2019 order that prospectively appointed for certain purposes the Israeli and Netherlands-based arms of whatever accounting firm was eventually selected by the parties for use in the United States valuation. Second is an April 20, 2020 order that, pursuant to the June 2019 order, appointed all offices of Baker Tilly worldwide to act as a valuation expert for aspects of the Freund marital estate.

It is Glasstech's contention that the Israeli orders evidence Ms. Freund's attempt to circumvent confidentiality obligations imposed by the Dual Protective Orders. Glasstech argues that in appointing Baker Tilly worldwide, the Rabbinical Court gave Ms. Freund license to contact any Baker Tilly office – all of which, other than Baker Tilly US, Glasstech fears are not bound by the Dual Protective Orders – and thereby obtain the information Glasstech seeks to hold confidential.

Ms. Freund responds that Glasstech misinterprets the Israeli orders. Baker Tilly US was

2

not appointed by the Israeli Court to serve in any capacity other than to conduct the valuation of the Glasstech shares, pursuant to the procedures set out by this Court. Ms. Freund further explains that Baker Tilly US is separate from the other appointed Baker Tilly entities, i.e., Baker Tilly Israel and Baker Tilly N.V. (in the Netherlands), and there is no mechanism for her to use these latter entities to obtain "backdoor" access to information to which only Baker Tilly US is privy (even if she wanted to do so).

The Court heard argument on the current disputes on September 1, 2020, during what was the third teleconference hearing the Court has held in this matter. (*See* D.I. 92 ("Tr."); *see also* D.I. 22, 49; D.I. 54 (Memorandum Order)) As ordered, the parties submitted additional materials following the latest teleconference. Specifically, on November 4, 2020 they provided the Court with the copies of the June 2019 and April 2020 orders issued by the Israeli Court as well as a "Clarification Decision" of November 1, 2020, in which the Israeli Court addresses concerns Glasstech raised in this Court. (D.I. 93 & Exs. 1-3) The Court then ordered and received further post-hearing submissions from the parties. (*See* D.I. 95, 97)

## III. LEGAL STANDARDS

The resolution of discovery disputes is committed to the discretion of the district court. *See Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). In exercising that discretion, this Court is mindful that this matter involves a request for discovery for use in a foreign proceeding. *See* 28 U.S.C. § 1782.

## IV. DISCUSSION

The Glasstech valuation is requested to aid the Israeli Rabbinical Court in determining an appropriate division of the Freunds' marital estate. The Court long ago determined that it was appropriate to allow discovery to aid Ms. Freund's pursuit of a timely and fair valuation of

3

Glasstech. (*See* D.I. 49 at 28-29; *see also* D.I. 47, 54) While the Court shares Glasstech's frustration at the length of time this matter has persisted, and the multiplicity of disputes and consequent expenditure of resources this case has engendered, the Court continues to believe that the discovery sought from Glasstech is warranted. Thus, the Court will not excuse Glasstech from further obligations in this matter, will not require Ms. Freund (or the Israeli Court) to rely on the now-outdated Houlihan Lokey valuation of Glasstech, and will not require Ms. Freund to reimburse Glasstech for its attorney's fees and costs.

Moreover, on the two ripe disputes, the Court sides with Ms. Freund.

First, the Court agrees with Ms. Freund that it is appropriate to appoint Baker Tilly US to conduct the valuation of Glasstech. Glasstech earlier agreed to utilize Baker Tilly US but withdrew its consent after it learned, belatedly, of the June 2019 and April 2020 orders entered by the Israeli Court, appointing Baker Tilly offices worldwide for certain valuation purposes. Contrary to Glasstech's concerns, however, nothing about the Israeli orders – including the November 2020 Clarification Order – vitiates the protective orders entered here and in the Israeli Court or permits Ms. Freund to circumvent the protections provided in those orders with respect to Glasstech's confidential information.

As the Court stated during the September 1, 2020 hearing, the timing of Ms. Freund's disclosure of the Israeli orders to Glasstech and to the Court is troubling. (*See* Tr. at 55) ("We can call it a secret agreement or not call it a secret agreement, but it seems to me what happened in and around June 2019, and maybe before that and maybe after that in the Israeli court is something that should have been disclosed at least to Glasstech and probably to me.") However, having now received and reviewed those orders, as well as the Clarification Order, the Court finds that Glasstech's interests are adequately protected. The Israeli Court is appointing Baker Tilly US for

4

the sole and limited purpose of providing a valuation of Glasstech – a valuation which the Israeli Court will receive (and evidently plans to accept) as a single number, with no supporting documentation, analysis, or context. (*See* D.I. 93 Ex. 3) The Israeli Court orders also make clear that Baker Tilly Israel has been appointed "for the purpose of the investigation of matters . . . not related at all to Glasstech Inc." (*Id.*) The Clarification Order also expressly states that the Israeli Court's protective order "remains intact, in its original form, and unchanged throughout, and it is strictly forbidden for the parties to contact Baker Tilly USA." (*Id.*)

Glasstech advances no persuasive evidence that the appointed Baker Tilly US, Baker Tilly Israel, and/or Baker Tilly N.V. offices function as one. Its purported support is limited to snippets of the Baker Tilly US website, which indicates that Emirati and Chilean personnel work as part of the Baker Tilly US organization. (D.I. 82 at 4) From there, Glasstech asks the Court to extrapolate that non-U.S. personnel must be in communication with other offices, opening the door to "infinite mischief" contravening the Dual Protective Orders. (*Id.*) Ms. Freund's submissions show, however, that Baker Tilly US has offices in the United Kingdom, Chile, and the United Arab Emirates, indicating that the contacts Glasstech points to really are contacts *within* Baker Tilly US. (D.I. 85 Exs. 1-4) Ms. Freund has also submitted uncontroverted evidence from each of Baker Tilly US and Baker Tilly Israel that their offices operate independently, share no computers or servers, and do not communicate with their similarly-named companies unless specifically engaged to do so. (*See id.* Ex. 4; *see also* D.I. 81 Exs. 1-2)

Additionally, this Court's protective order restricts the actions of both Ms. Freund and her affiliates. In particular, Ms. Freund is not permitted to access the documents Glasstech will produce to Baker Tilly US for valuation purposes. (*See* D.I. 71 ¶¶ 11-14) Those documents will have to be destroyed within 10 business days after completion of the valuation. (*Id.* ¶ 15) Further,

5

Ms. Freund and her affiliates are not permitted to contact Baker Tilly US for any purpose, with the limited exception of a pre-engagement conversation. (*Id.* ¶ 14) If, nonetheless, Ms. Freund were to somehow circumvent these orders, she would be subject to significant sanctions and substantial penalties. (*See id.* Ex. A ¶ 5) (explaining that violation of protective order is subject to court sanction and civil damages suits)

In sum, then, in the Court's view, there is now no significant likelihood, and no realistic possibility, that the discovery Glasstech is being ordered to provide to Baker Tilly US will be misused or that Glasstech's interests in confidentiality will be harmed. The Court will enforce the parties' prior agreement that Baker Tilly US be retained to perform the valuation of Glasstech.

As to the parties' second dispute, the Court will require that the retention agreement with Baker Tilly US contain the limitation of liability provision proposed by Ms. Freund. Previously, the Court instructed the parties that the firm to be retained would execute its "standard retention letter for valuations of this nature;" the valuation being measured is "the current fair market value under Delaware law of all of Mr. Freund's interests in Glasstech, including but not limited to his rights in all unpaid dividends." (D.I. 47 at 2) Glasstech now argues that what is occurring is not an ordinary valuation and requires a customized, and higher than standard, limitation of liability.

The Court agrees with Ms. Freund that a "standard" limitation of liability provision, capping the liability of Baker Tilly US to the total amount of fees it is paid, is reasonable and appropriate. As Ms. Freund observes, other firms besides Baker Tilly US that were previously under consideration for the very same Glasstech valuation for which Baker Tilly US will now be retained provided engagement letters containing limitation of liability provisions that did not contemplate a cap exceeding the amount of fees paid. (*See* D.I. 83 Ex. F at 2; D.I. 90 Ex. 2 at 3) The Court believes this provides for adequate recovery by Glasstech in the unlikely event Baker

6

Tilly US takes some action giving rise to liability.

## V. CONCLUSION

Glasstech writes the following:

> [1] Ms. Freund's actions in obtaining the November 1 Order epitomize the problem: the Court and Glasstech have no transparency into actions taken in the Rabbinical Court or anywhere else. [2] Any faith in the independent valuation process has been and continues to be eroded by Ms. Freund's actions.

(D.I. 95 at 3) (numbering added) The Court agrees with Glasstech on the first of these points. Nonetheless, the Court believes, for the reasons explained above, that this Court and the Israeli Court have put into place adequate protections with respect to Glasstech's interests. Additionally, Glasstech can (and perhaps already has) retain counsel in Israel if it wishes to seek further insight into, or provide input to, the Israeli proceedings. (*See, e.g.,* Tr. at 50) (Glasstech indicating it has retained Israeli counsel but not wishing to incur expense of intervention) As importantly, the Court disagrees with Glasstech on its second point. Ms. Freund's actions, while not unimpeachable, have not eroded the Court's confidence that the procedures it has set up will result in an independent valuation of Glasstech while preserving the confidentiality of Glasstech's protected information.

Moreover, Ms. Freund has established, as she states, that

> every protection provided by this Court and the Israeli Court was and remains in full force and effect, and now even includes an additional layer of protection (above and beyond what is required by this Court's Orders) by imposing the confidentiality obligations and penalties on the Israeli Court's independent expert.

(D.I. 97 at 1)

Accordingly, on the two disputes that are the subject of this Memorandum Opinion, the Court grants Ms. Freund's requests and denies Glasstech's. An appropriate Order follows.